IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUANITA K LARA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 4822 |
| | ) | Paul E. Plunkett, Senior Judge |
| v. | ) | |
| | ) | |
| DIAMOND DETECTIVE AGENCY, | ) | |
| WILLIAM BROWN, and | ) | |
| JOHN JORDAN, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Juanita Lara ("Plaintiff") has filed a lawsuit alleging sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"), negligence and intentional infliction of emotional distress. Lara claims that her employer, Diamond Detective Agency ("Diamond"), a company owned by John Jordan, allowed her supervisor, William Brown (collectively, "Defendants"), to create a hostile work environment in which Brown regularly harassed Lara, going so far as to lift up her blouse without her consent. Defendants have filed a Federal Rule of Civil Procedure 12(b) motion to dismiss the claims, as well as a motion to strike Plaintiff's demand for a jury. Based on the foregoing, we grant Defendants' motion to dismiss in part and deny in part, and we grant Defendants' motion to strike.

### Facts

According to Lara's complaint, the Diamond Detective Agency provides security services for schools and businesses. (Pl.'s Am. Compl. ¶5.) Jordan owns the agency, which employs more

than 500 people. (*Id.* ¶¶ 4–5.) Lara has worked for Diamond as a security guard since March 1997. (*Id.* ¶ 9.) In November 2001, Lara was assigned to work at Thornwood High School in South Holland, Illinois. (*Id.* ¶ 10.) Brown became her supervisor. (*Id.*)

On several occasions over the next eight months, Brown told Lara, "Um Lara you smell so good." (*Id.* ¶ 11.) Lara's only response to the comments was to walk away. (*Id.*) On November 2, 2001, Brown said, "Your nipples look nice in that sweater." Lara responded, "What did you say?" Brown repeated, "Your nipples look nice in that sweater." Lara walked away. (*Id.* 12.) Then, on February 25, 2002, Brown lifted up Lara's uniform top to look at her breasts. When Lara told him not to do that, Brown laughed and walked away. (*Id.* ¶ 13.) Sometime in May 2002, Brown asked Lara to go out for a drink with him. Lara declined the offer. (*Id.* ¶ 14.)

Based on her prior experience with Diamond, Lara knew that security guards were informed in August whether they were rehired for the new school year. When Lara did not receive confirmation that she had been rehired, she spoke to Ken Ferree, an executive with Diamond, who told her Brown had decided to terminate her employment. (*Id.* ¶ 17.) Lara told Ferree that she believed Brown was trying to get back at her for resisting his harassment. (*Id.*) Around that time, Brown allegedly told another Diamond employee, "I'm going to get that little Mexican." (*Id.* ¶ 16.)

Nevertheless, Lara was allowed to return to work on September 11, 2002. (*Id.* ¶ 18.) According to her EEOC charge, Lara's job was only reinstated after she told a Diamond human resources representative that she was planning to file a charge with the EEOC. And, though she had reported Brown's behavior to Ferree, Brown remained her supervisor. (*Id.* ¶ 18.) Though Lara does not allege any further sexual harassment occurred upon her return to work, she does claim that Brown attempted to retaliate against her for reporting his earlier behavior. (*Id.* ¶ 19.) She alleges

the following retaliatory acts: (1) In September 2002, Brown changed Lara's lunch break to a time after the school's cafeteria closed; (2) on October 11, 2002, Brown sent Lara a memorandum indicating that she had violated the company dress code while others who had violated the code did not receive similar memoranda; (3) on October 17, 2002, Lara called for help while she was working on a school bus but Brown ignored the call; (4) on August 23, 2003, Lara received a verbal warning for calling in due to a family emergency; and (5) on December 12, 2003, she received a written warning for calling in to take time off of work for oral surgery. (*Id.*)

## Discussion

### Motion to Dismiss

On a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

As a preliminary matter, Defendants William Brown and John Jordan claim that Lara's claims against them must be dismissed because they were not named in Lara's EEOC complaint. In general, Title VII defendants must have been named in an EEOC charge. The only exception applies where "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir.1981). Lara has not made any argument or presented any

allegations to suggest that this exception should apply here. Even if the exception did apply, Title VII charges against Jordan and Brown would be inappropriate as neither fits the statutory definition of "employer." See Williams v. Banning, 72 F.3d 552, 555 (7th Cir.1995) ("[A] supervisor does not, in his individual capacity, fall within Title VII's definition of employer."); *Bell v. Koerten*, No. 99-1040, 1999 WL 971282, at *1–*2 (N.D. Ill. Oct. 21, 1999) (finding that an owner of a company could not be held individually liable under Title VII) (citing *EEOC v. AIC Security Investigations Inc.*, 55 F.3d 1276, 1282, n.11 (7th Cir.1995)). Therefore, Counts I and II of Lara's complaint must be dismissed against Defendants Jordan and Brown.

Defendants argue that we should dismiss Count I of Lara's complaint because the incidents alleged do not rise to the level of harassment as defined by Title VII. We disagree. To state a claim of a hostile work environment, a plaintiff must allege harassment that is so severe or pervasive that it alters the employee's working environment and that the defendant employer was aware of the harassment but did not take reasonable steps to stop it. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998); *Logan v. Kautex Textron N. Am.*, 259 F.3d 635, 641 (7th Cir. 2001). Title VII's reach is limited; it does not prohibit all physical or verbal abuse in the workplace. *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 463 (7th Cir. 2002). "[T]he occasional vulgar banter, tinged with sexual innuendo of coarse or boorish workers" is not considered sexual harassment under the law. *Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430 (7th Cir.1995). The line between mere vulgarity and harassment is not bright. *Id.* However, unwanted sexual touching and uninvited sexual invitations generally fall on the side of harassment. *Id.*

Here, we find that Brown's alleged harassment of Lara was severe enough to state a claim of sexual harassment. Brown's comments, standing alone, would not be enough. However, his

inappropriate remarks were merely the beginning. Brown went on to lift Lara's uniform top in order to look at her breasts. And though Lara made it clear that she did not approve of Brown's sexual advances, he asked her out for drinks. Lara's allegations permit the inference that Brown's actions severely altered her working environment, forcing the school security guard to protect herself from her supervisor, in addition to protecting the students at Thornwood High School. Lara reported the harassment to Diamond yet Diamond took no steps to stop it. Therefore, Count I of Lara's complaint against Diamond Detective Agency stands.

Count II of Lara's complaint alleges that Defendants retaliated against her after she filed her EEOC claim. Defendants argue that Lara's retaliation claim should be dismissed because her complaint fails to allege an adverse action. We agree. In order to state a claim for retaliation under Title VII, a plaintiff must allege an adverse employment action that is materially adverse. *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004). Allegations of inconvenience or change in job responsibilities are not sufficient; the terms and conditions of the employee's job must be significantly altered. *Id.* Examples of adverse actions include, but are not limited to, "termination of employment, demotion, a decrease in wages, a less distinguished title, or a material loss of benefits." *Gawley v. Ind. Univ.*, 276 F.3d 301, 314 (7th Cir. 2001). "[U]nfulfilled threats that result in no material harm cannot be considered an adverse employment action under Title VII." *Hottenroth v. Vill. of Slinger*, 388 F.3d 1015, 1030 (7th Cir. 2004). Similarly, negative evaluations or reprimands are not considered adverse actions unless they are accompanied by some tangible job consequence. *Grube v. Lau Indus., Inc.*, 257 F.3d 723, 729 (7th Cir.2001).

According to her complaint, Lara's boss said, "I'm going to get that little Mexican" and soon thereafter made the decision to fire her. However, Brown never followed through with the threat.

Lara's job was reinstated, the same position with the same responsibilities. Brown's unfulfilled threat cannot be construed as an action sufficiently adverse to support a retaliation claim. Lara's other allegations also fail to rise to the level of an adverse action. She argues she lost six days of pay before her job was reinstated, though she does not make this claim in her complaint. Even if she had made the claim, however, the loss of six days pay is not a material loss of income. The change in her lunch break and the reprimands she received do not equal a significant change in her status. Even assuming as we must that all of Lara's allegations are true, Lara has failed to allege an adverse action was taken against her. Therefore, Count II of her complaint is dismissed against Diamond.

Defendants claim that Counts III and IV of the complaint must be dismissed under Rule 12(b)(1) because they are state tort claims preempted by her federal civil rights claims. The Illinois Human Rights Act preempts common law state tort claims whose facts are "inextricably linked" to civil rights claims listed in the Act. *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273, 1276–78 (Ill.1994). Facts are "inextricably linked" where the elements of the tort are alleged "without reference to the legal duties created by the IHRA." *Westphal v. City of Chicago*, 8 F. Supp.2d 809, 812 (N.D.Ill.1998). A common law tort is not preempted where plaintiff raises an independent cause of action that does not depend solely on allegations of sexual harassment. *See, e.g., Jaslowski v. Cello P'ship*, No. 02-3601, 2002 WL 31085092, at *3–*4 (N.D. Ill. Sept. 17, 2002).

Count III of Plaintiff's complaint alleges negligence based on Defendant Diamond's failure to prevent Brown's sexual harassment of Lara. Lara's negligence claim relies on identical factual allegations as those raised in her Title VII claim. Without the allegation of harassment, there could be no claim of negligence. The negligence claim is "inextricably linked" to the Title VII claim and

is therefore preempted. We recognize that Defendants did not raise the preemption argument in their opening brief, thus preventing Plaintiff from submitting a response, but we feel that the law on this issue is clear. Therefore, Count III is dismissed.

The fate of Count IV is less clear. Plaintiff alleges intentional infliction of emotional distress based on Brown's raising of her blouse. These allegations are not identical to those made in the sexual harassment claim. Even without any allegations of sexual harassment, Lara could potentially state a claim of intentional infliction of emotional distress based on Brown's behavior during this incident. Because Plaintiff was not given the opportunity to argue this issue and because we have found case law in which intentional infliction of emotional distress claims were not preempted by the IHRA, we will not dismiss Count IV on this basis. *See, e.g., Bruce v. S. Stickney Sanitary Dist.*, No. 01-3578, 2001 WL 789225, at *4 (N.D. Ill. July 12, 2004).

Defendants also argue that the Illinois Worker's Compensation Act ("IWCA") precludes Lara's intentional infliction of emotional distress claim against Diamond and Jordan. We agree. The IWCA is the exclusive remedy for employees who suffer "accidental" injuries on the job. *McPherson v. City of Waukegan*, 379 F.3d 430, 442–43 (7th Cir. 2004). In terms of assessing liability, an injury caused by a co-employee is "accidental" as to the employer unless the employer expressly directed the behavior. *Id.* Plaintiff's amended complaint makes no allegation that Diamond or Jordan authorized Brown to lift Laura's shirt without her consent. The complaint fails to even allege that Diamond was aware that Brown was harassing Lara before the alleged incident took place. Therefore, Count IV is fails as to Diamond and Jordan.[1]

---

[1]Because Defendants did not include the preclusion argument in its original brief, thereby preventing Plaintiff from providing a response, we will give Plaintiff leave to file an amended complaint if she can somehow allege sufficient facts to show that Diamond expressly authorized Brown's actions

However, as Defendants point out, Count IV is primarily aimed at Brown. The issues of preclusion do not pertain to him. *See Ostendorf v. Elkay Mfg. Co.*, 94-50170, 1994 WL 741425, at *3 (N.D. Ill. Dec. 29, 1994). We have jurisdiction over the matter because the state claim against Brown shares a common nucleus of operative facts with the federal claim against Diamond. *See Arrington-Kleczewski v. UAW*, No. 03 C 50176, 2003 WL 22889454, at *1(N.D. Ill. Dec. 8, 2003) (citing *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir.1995)). Therefore, Count IV survives against Brown.

## Motion To Strike Jury Demand

Plaintiff's original complaint, filed without benefit of counsel, does not include a jury demand. That complaint was answered on August 12, 2004. Under Federal Rule of Civil Procedure 38(b), Lara had ten days from the filing of that answer to serve Defendants with a jury demand. She failed to do so and under Rule 38(d) effectively waived her right to trial by jury. Her jury demand included in her amended complaint, filed with the aid of an attorney, is not sufficient to revive this right. *Communication Maint., Inc. v. Motorola Inc.*, 761 F.2d 1202, 1208 (7th Cir. 1985) ("It is well-settled law that under Rule 38 amendments or supplemental pleadings do not extend the time for making demand for jury trial except as to new issues raised by the new pleadings."). Defendants have therefore asked us to strike Lara's jury demand. We agree that we must grant Defendant's motion to strike. However, we note that Rule 39(b) allows us the discretion to order a trial by jury upon motion by Plaintiff. Should Plaintiff file such a motion, we would consider Plaintiff's request

---

in this incident.

in light of the particular circumstances of this case. *See Members v. Paige*, 140 F.3d 699, 703-04 (7th Cir. 1998).

### Conclusion

Based on the foregoing, Defendants' motion to dismiss is granted as to the Title VII claims asserted against Defendants Brown and Jordan in Counts I and II, which are dismissed with prejudice; and as to the retaliation claim asserted against Defendant Diamond in Count II, which is dismissed with prejudice; and as to Plaintiff's negligence claim asserted against all defendants in Count III, which is dismissed with prejudice; and as to Plaintiff's intentional infliction of emotional distress claim asserted against Defendants Jordan and Diamond in Count IV, which is dismissed against Defendant Jordan with prejudice and against Defendant Diamond without prejudice. Plaintiff's jury demand is stricken from her amended complaint. In all other respects, Defendants' motion is denied.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** FEB 1 0 2005